IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BRYAN DURAN NAVARRO,                  )
                                      )
      Petitioner,                     )
                                      )
    v.                               )
                                      )    1:26-cv-763 (AJT-WBP)
DONNOVAN WRIGHT, *et al.*,             )
                                      )
      Respondents.                    )

**ORDER**

Before the Court is Bryan Duran Navarro's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on March 20, 2026.

Petitioner is a native and citizen of El Salvador, who entered the United States without inspection in or around 2020. [Doc. No. 1] at 8. On March 2, 2026, Petitioner was arrested by immigration officials and eventually taken to the Farmville Detention Center, where he remains detained without the opportunity to post bond. *Id.* at 4, 8.

On March 26, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an

immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

ORDERED that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

ORDERED that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to forward copies of this Order to counsel of record, and to terminate this civil action.

Alexandria, Virginia
March 26, 2026

Anthony J. Trenga
Senior United States District Judge

2